IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DANIEL REEVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-071 |
| | ) | |
| STATE FARM INSURANCE | ) | |
| COMPANY and USAA AUTO | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On June 6, 2023, the Clerk of Court accepted for filing as a complaint an unsigned letter from Plaintiff Daniel Reeves.  (Doc. no. 1.)  The opening paragraph of the letter states that Plaintiff wants to file a $100,000 claim against the two above-listed insurance companies because they have refused to timely repair his vehicle after an accident caused by another driver on April 23, 2023.  (Id. at 1.)  However, the letter goes on to allege a variety of discriminatory actions taken against multiple members of his family by persons and entities having nothing to do with the insurance companies who are allegedly refusing to timely repair Plaintiff's vehicle.  (Id. at 2-3.)  Plaintiff's request for relief seeks $25,000 each for himself, his wife, and his two children as compensation for the discrimination described in the letter.  (Id. at 5-7.)  Plaintiff then attaches multiple letters and emails he has written regarding his insurance claim for his damaged vehicle.  (Id. at 8-19.)

According to Local Rule 4.1, the commencement of a civil action requires compliance with four specific criteria, including the presentation of the original complaint and the appropriate filing fee.[1]  Local Rule 11.1 and Federal Rule of Civil Procedure 11 require every pleading, motion, or other paper presented for filing be signed by an attorney of record, or by a party personally if the party is proceeding *pro se*.  Also, under Federal Rule of Civil Procedure 8(a), Plaintiff must proffer a short and plain statement (1) detailing the Court's jurisdiction, (2) showing that he is entitled to relief, and (3) demanding judgment for the relief that he seeks.  Plaintiff's letter violates all of these pleading rules, but just as importantly, does not provide any jurisdictional basis for proceeding in federal court.  See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[A] federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.")

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."  Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).  Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings.  Goodman *ex rel*. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).  To invoke the jurisdiction of the Court, a

---

[1]The docket reflects Plaintiff paid the $402 filing fee.  (See doc. no. 1.)

plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182 (1936).

"[A] federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). The party asserting jurisdiction has the burden of establishing that his cause lies within this limited grant of jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Here, Plaintiff does not identify any basis for federal jurisdiction in his letter, and he improperly attempts to seek relief on behalf of family members who are not named litigants and did not suffer any alleged injury at the hands of the insurance companies, the only named Defendants.

Accordingly, if Plaintiff wishes to proceed with this case, he **MUST**, within fourteen days of the date of this Order, file an amended complaint that demonstrates a valid basis for federal jurisdiction, in accordance with the instructions in this Order, and include all matters he wishes the Court to consider in that one document.[2] The amended complaint must be printed legibly, or typed, so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleading filed by Plaintiff. Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Alabama Power Co., 483 F.3d

---

[2]The Court **DIRECTS** the **CLERK** to enclose Form Pro Se 1, Complaint for a Civil Case, stamped with the appropriate case number, with Plaintiff's service copy of this Order.

1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). Plaintiff must also personally sign his amended complaint. It must contain a caption that clearly identifies, by name, each Defendant that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint. For example, Plaintiff should not simply state, "See attached documents." Thus, Plaintiff must name the defendant he seeks to bring claims against both the caption and the body of his amended complaint; he may not rely on the fact that a defendant is named in the exhibits attached to his amended complaint as a means of including that defendant as a party to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, within fourteen days of the undersigned date, Plaintiff shall state in the single amended complaint that demonstrates a valid basis for federal jurisdiction and that is filed in accordance with the

terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought. If no timely response is received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice.

Finally, Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case.

SO ORDERED this 7th day of June, 2023, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA