IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

DANIEL REEVES,                    *
                                  *
        Plaintiff,                *
                                  *
        v.                        *           CV 123-071
                                  *
STATE FARM INSURANCE COMPANY      *
and USAA AUTO INSURANCE           *
COMPANY,                          *
                                  *
        Defendants.               *

_____

**O R D E R**

_____

This matter is before the Court on its own accord.  For the
following reasons, this case is **DISMISSED WITHOUT PREJUDICE.**

A district court may dismiss a plaintiff's claims *sua sponte*
under either Federal Rule of Civil Procedure 41(b) or the Court's
inherent authority to manage its docket.  <u>Link v. Wabash R.R. Co.</u>,
370 U.S. 626, 630-31 (1962); <u>Coleman v. St. Lucie Cnty. Jail</u>, 433
F. App'x 716, 718 (11th Cir. 2011) (citing FED. R. CIV. P. 41(b)).
Rule 41(b) allows for the involuntary dismissal of a plaintiff's
claims if he fails to prosecute them, comply with the Federal Rules
of Civil Procedure, or follow a court order.  FED. R. CIV. P. 41(b);
<u>Coleman</u>, 433 F. App'x at 718.  Moreover, under Local Rule 41.1:

> [T]he assigned Judge may, after notice to counsel of
> record, *sua sponte*, or on motion of any party, dismiss
> any action for want of prosecution, with or without
> prejudice: [for] . . . [w]illful disobedience or neglect

of any order of the Court[] or . . . [a]ny other failure to prosecute a civil action with reasonable promptness.

L.R. 41.1, SDGa.

Dismissal with prejudice for failure to follow a court order requires "a clear record of willful conduct and . . . a finding that lesser sanctions are inadequate." Clayton v. Williams, No. 6:17-cv-70, 2017 WL 4857439, at *3 (S.D. Ga. Oct. 27, 2017) (quoting Baltimore v. Jim Burke Motors, Auto., 300 F. App'x 703, 707 (11th Cir. 2008)) (internal quotation marks omitted). Dismissal without prejudice, however, does not mandate such a strict showing because it "is not an adjudication on the merits." Id. (citing Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007); FED. R. CIV. P. 41(b)). Ultimately, whether to dismiss a complaint for failure to follow a court order is within the district court's discretion. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citation omitted).

While the Court exercises its discretion to dismiss cases with caution, the Court finds dismissal of this action without prejudice appropriate. Plaintiff, proceeding pro se, filed this lawsuit on June 6, 2023. (Doc. 1.) On June 26, 2023, the Court instructed Plaintiff that "he must serve Defendants within ninety days of the date of this order, and failure to do so may result in the dismissal of individual defendants or the entire case." (Doc.

2

6, at 1 (citing FED. R. CIV. P. 4(m)).)   However, Plaintiff failed to show he served Defendants within this ninety-day window, and Defendant State Farm moved to dismiss based, in part, on Plaintiff's failure to perfect service on it.   (Doc. 7-1, at 9.) Accordingly, on January 25, 2024, the Court ordered Plaintiff to file proof of service as to both Defendants or to show cause why this case should not be dismissed for failure to timely perfect service on Defendants within fourteen days.   (Doc. 14, at 2.)   The deadline for Plaintiff to comply with the Court's January 25, 2024 Order was February 8, 2024.   The deadline has passed, and Plaintiff has not filed proof of service or otherwise complied with the Court's January 25, 2024 Order.   Because Plaintiff failed to comply with the Court's January 25, 2024 Order, the Court finds dismissal without prejudice appropriate.   See Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802-03 (11th Cir. 2006) (holding district court did not abuse its discretion by dismissing case without prejudice for failure to follow a court order where plaintiff did not follow court's instructions and court informed plaintiff noncompliance could result in dismissal).

For the foregoing reasons, **IT IS HEREBY ORDERED** that this matter is **DISMISSED WITHOUT PREJUDICE**.   The Clerk is **DIRECTED** to

**TERMINATE** all pending motions and deadlines, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of February, 2024.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4